IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

    Plaintiff,

  v.

JOSE ISMAEL SERRANO,

    Defendant.

No. CR 07-0212 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Jose Ismael Serrano was convicted of possession with intent to distribute crack cocaine in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(C), and 851. He was sentenced to 204 months incarceration. Defendant, who was represented at trial and on direct appeal by the federal public defender, moved *pro se* for habeas relief pursuant to 18 U.S.C. 2255 alleging that he was denied effective assistance of counsel. Defendant then moved *pro se* to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2) on the basis of new sentencing guidelines for crack cocaine offenses. Because defendant had previously argued that his public defender rendered constitutionally ineffective counsel, private counsel from the Criminal Justice Act panel was appointed to represent him for purposes of the present motion.

Amendment 706 to the United States Sentencing Guidelines reduced by two points the base offense level assigned in U.S.S.G. § 2D1.1 to each threshold quantity of crack cocaine. Defendant, however, was not sentenced pursuant to drug weight guidelines. He was instead sentenced according to career offender guidelines. A career offender sentenced pursuant to §

4B1.1 is not eligible for a sentence reduction of his offense level pursuant to Amendment 706. *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).  Defendant, through his CJA-appointed attorney, agrees that he is not eligible for relief for this reason.  Defendant's motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2) is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: May 19, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE