MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

BRIAN J. STRETCH (CABN 163973)
Assistant United States Attorney
    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-6842
    Fax: (415) 436-7234
    E-Mail: brian.stretch@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0212 WHA |
| Plaintiff, | |
| v. | UNITED STATES' OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO 18  U.S.C. § 3582(C)(2) |
| JOSE ISMAEL SERRANO, | |
| Defendant. | |

## I.  INTRODUCTION

On March 21 2013, Jose Ismael Serrano filed a *pro se* motion seeking relief under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the Sentencing Guidelines, which reduced the offense levels for certain defendants convicted of offenses involving crack cocaine.  The defendant asks the Court to reduce his sentence from 204 months down to 36 months or to a term the Court deems appropriate.

The defendant is ineligible for a sentence reduction and his motion should be denied.  This is the second motion Serrano has filed seeking relief under Section 3582(c). The first motion was filed in the wake of the an earlier amendment to the sentencing

guidelines applicable to certain crack cocaine offenders, Amendment 706. The Court denied that motion in an order issued on May 19, 2010, concluding that because Serrano was sentenced according to the career offender guidelines he was not eligible for a sentence reduction. The legal landscape for sentence reduction eligibility has not changed for career offenders under Amendment 750 – defendants sentenced according to the career offender guidelines are not eligible for a sentence reduction pursuant to Section 3582(c)(2). *United States v. Pleasant*, 704 F.3d 808 (9th Cir. 2013). Amendment 750 lowered the U.S.S.G. § 2D1.1 crack cocaine offense levels but not the U.S.S.G. § 4B1.1 career offender levels. Accordingly, Amendment 750 is inapplicable to Serrano and his motion should be denied.

## II. BACKGROUND

On July 9, 2007, a jury convicted the defendant of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Court Record (CR) 86. At the sentencing hearing conducted on October 30, 2007, the Court determined that the defendant was a career offender under U.S.S.G. § 4B1.1, that his total offense level was 34, his criminal history was VI, and the corresponding sentencing range was 262 to 327 months. The Court granted a downward variance from the applicable guideline range and sentenced Serrano to 204 months in prison. CR 129.

After Serrano's sentencing hearing, Amendment 706 to the Sentencing Guidelines was promulgated and had the effect of reducing the offense levels for certain crack cocaine offenders sentenced pursuant to U.S.S.G. § 2D1.1. Serrano filed a *pro se* motion for a reduction of sentence under Section 3582(c)(2) on February 23, 2009. CR 143. The government opposed the motion and on May 19, 2010, the Court issued an order denying the requested sentence reduction because the defendant was sentenced pursuant to the career offender guidelines. *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). CR 159.

Effective November 1, 2011, the Commission promulgated Amendment 750 to the Guidelines. That amendment further reduced the offense levels for certain crack cocaine

offenders sentenced pursuant to U.S.S.G. § 2D1.1.  Serrano filed the instant *pro se* motion for a reduction of sentence under Section 3582(c)(2) on March 21, 2013.  CR 160.

Previously, on June 19, 2012, and in response to Amendment 750, the Probation Office prepared a Sentence Reduction Investigation Report evaluating Serrano's eligibility for a sentence reduction.  That report concludes that Serrano's total offense level remains unchanged at 34 since he was sentenced as a career offender.  Because Amendment 750 does not have the effect of lowering Serrano' guidelines range, the Probation Office recommends that the Court find that Serrano is not eligible for a sentence reduction under Section 3582(c)(2).

### III.  ANALYSIS

#### A.    Motions under Section 3582(c)(2)

Section 3582(c)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments that may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1]  The version of Section 1B1.10 applicable in this case became effective on November 1, 2011, and provides, in relevant part:

(1)    <u>In General</u>.—In a case in which a defendant is serving a term of

---

[1]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."  A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  *See United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993).

1
2
3
4

imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

5
6

(2)   Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

7

(A)   none of the amendments listed in subsection (c) is applicable to the defendant; or

8
9

(B)   an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

10
11

(3)   Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

12   In *Dillon v. United States*, 130 S. Ct. 2683 (2010), the Supreme Court addressed

13   the process for application of a retroactive Guideline amendment, emphasizing that

14   Section 1B1.10 is binding.  The Court declared, "Any reduction must be consistent with

15   applicable policy statements issued by the Sentencing Commission."  *Id*. at 2688.  The

16   Court explained that a two-step approach must be followed:

17
18
19
20
21

At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.  Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.  "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."

22
23
24
25
26

*Id*.  Consistent with the limited nature of Section 3582(c)(2) proceedings, Guidelines

Section 1B1.10(b)(2) also confines the extent of the reduction authorized.  Courts

generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. §

3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range"

produced by the substitution.  § 1B1.10(b)(2)(A). . . .

27
28

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the

reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 130 S. Ct. at 2691-92.

**B.    Because Serrano is a Career Offender, He is Not Eligible for a Reduction**

To be eligible for a reduction of sentence under 18 U.S.C. § 3582(c), the narrow exception to the rule of finality in sentencing, a defendant must have been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c); *see Dillon*, 130 S. Ct. at 2690-91 (explaining that Section 3582(c)(2) does not authorize sentencing or resentencing, but merely reduction of otherwise final sentence "in circumstances specified by the [Sentencing] Commission"). The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission," *id.*, including U.S.S.G. § 1B.1.10(a)(2)(B), which requires that the Guidelines amendments at issue have the effect of lowering the defendant's applicable guideline range.  *See id.* at 2693 (holding that Guidelines are not merely advisory in context of 18 U.S.C. § 3582(c)(2)).

Serrano clearly does not meet the criteria for eligibility under Section 3582(c)(2). Because his applicable guideline range is based on U.S.S.G. § 4B1.1, the career offender provision, Amendment 750 does not have the effect of lowering it.  The application notes to U.S.S.G. § 1B1.10 define a defendant's applicable guideline range as the range determined pursuant to U.S.S.G. § 1B1.1(a), which is determined before consideration of any departure or variance.  U.S.S.G. app. C. Amend. 759.  Serrano's guideline range prior to the variance the Court granted was calculated pursuant to the career offender provision U.S.S.G. § 4B1.1.

Amendment 750, from which Serrano seeks to benefit, does not affect U.S.S.G. § 4B1.1, which establishes the base offense level according to the offense statutory maximum.  U.S.S.G. § 4B1.1; U.S.S.G. § 1B1.10 cmt. (b)(1) (requiring that district court "substitute only the amendments" at issue "for the corresponding guideline provisions that were applied when the defendant was sentenced" in determining whether defendant

is eligible for sentence reduction).  Accordingly, the application of Amendment 750 does not have the effect of lowering Serrano's applicable guideline range.

Under these circumstances, the district court does not have jurisdiction to modify Serrano' sentence.  *See United States v. Wesson*, 583 F.3d 728, 732 (9th Cir. 2009) (holding that district court did not have "jurisdiction" to grant career offender sentence reduction based on amendments to U.S.S.G. § 2D1.1(c)); U.S.S.G. app. C Amend. 750 at p. 394 (specifically noting that some crack cocaine defendants will not see lower sentences, including offenders sentenced pursuant to § 4B1.1 because their guideline ranges are "unaffected by a reduction in the Drug Quantity Table"); *see also United States v. Waters*, 648 F.3d 1114, 1117-19 (9th Cir. 2011) (holding that defendant was ineligible for sentence reduction where Amendment 706 would have had effect of causing defendant to be sentenced under career offender guideline).

The Ninth Circuit, and every other court of appeals, has held that when a defendant's offense level is determined by the career offender guideline, the defendant may not obtain a decrease in sentence based on a retroactive amendment to the crack guideline.  *United States v. Pleasant*, 704 F.3d 808, (9th Cir. 2013); *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009); *see also United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008); *United States v. Mock*, 612 F.3d 133, 138 (2d Cir. 2010); *United States v. Mateo*, 560 F.3d 152, 154-55 (3d Cir. 2009); *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010); *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009); *United States v. Perdue*, 572 F.3d 288, 292-93 (6th Cir. 2009); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009) (per curiam); *United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008) (per curiam); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1327-30 (11th Cir. 2008); *United States v. Berry*, 618 F.3d 13, 17-18 (D.C. Cir. 2010).

Serrano is ineligible for relief under Section 3582(c)(2) despite the fact that the Court, at the original sentencing proceeding, imposed a sentence below the career offender guideline range.  Application note 1 of the applicable version of Section 1B1.10

(Nov. 1, 2011) provides: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (*i.e.*, the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

Under the prior version of Section 1B1.10, the appellate courts were divided regarding whether a defendant was eligible for a sentencing reduction based on a retroactive amendment to the crack guideline notwithstanding his status as a career offender, where the sentencing court at the original sentencing proceeding had departed downward from the career offender offense level. A number of circuits held that such a defendant was ineligible. *See United States v. Pembrook*, 609 F.3d 381, 384 (6th Cir. 2010) (departure under § 4A1.3); *United States v. Guyton*, 636 F.3d 316 (7th Cir. 2011) (departure under § 5K1.1); *United States v. Blackmon*, 584 F.3d 1115, 1116-17 (8th Cir. 2009) (departure under § 4A1.3); *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010) (same). Others disagreed and allowed sentencing reductions. *See United States v. Cardosa*, 606 F.3d 16, 18-22 (1st Cir. 2010) (departure under § 4A1.3); *United States v. McGee*, 553 F.3d 225, 229-30 (2d Cir. 2009) (same); *United States v. Flemming*, 617 F.3d 252 (3d Cir. 2010) (same); *United States v. Munn*, 595 F.3d 183, 192-93 (4th Cir. 2010) (same).

In amending Section 1B1.10 effective November 1, 2011, the Sentencing Commission adopted the view of the Sixth, Eighth, and Tenth Circuits, and thus abrogated the opposing decisions. In its commentary to the amendment that decreed retroactivity of the recent crack guideline amendment, the Commission explained:

> Effective November 1, 2010, the Commission amended § 1B1.1 (Application Instructions) to provide a three-step approach in determining the sentence to be imposed. *See* USSG App. C, Amend. 741 (Reason for Amendment). Under § 1B1.1 as so amended, the court first determines the guideline range and then considers departures. Id. ("As amended, subsection (a) addresses how to apply the provisions in the Guidelines Manual to properly determine the kinds of sentence and the guideline range. Subsection (b) addresses the need to consider the policy statements and commentary to determine whether a departure is warranted."). Consistent with the three-step approach adopted by

Amendment 741 and reflected in § 1B1.1, the amendment adopts the approach of the Sixth, Eighth, and Tenth Circuits and amends Application Note 1 to clarify that the applicable guideline range referred to in § 1B1.10 is the guideline range determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.

In January of this year, the Ninth Circuit decided the case of *United States v. Pleasant*, 704 F.3d 808 (9th Cir. 2013), in which it held that the career offender guidelines, rather than the crack cocaine guidelines, were "applicable to" defendant's sentence, making a sentence reduction unavailable.  Pleasant, a defendant prosecuted in the Northern District of California, pleaded guilty to a Rule 11(c)(1)(C) plea agreement in which he admitted to possessing crack cocaine for distribution.  The parties stipulated in the plea agreement that Pleasant was a career offender under U.S.S.G. § 4B1.1, but agreed that the sentenced should be at the low end of the Section 2D1.1 crack cocaine guidelines.  The district court accepted the plea agreement, granted a downward variance from the career offender guidelines, and sentenced Pleasant to 77 months imprisonment.  Under these circumstances, the *Pleasant* Court held that U.S.S.G. § 1B1.10 mandates that the career offender guidelines were the defendant's applicable guidelines and the district court did not have jurisdiction to hear Pleasant's § 3582(c) motion.  *Id*. at 812.

## CONCLUSION

Taking the foregoing into account, the Court should deny the defendant's motion for a sentence reduction pursuant to Section 3582(c)(2).


DATED: April 15, 2013                    Respectfully submitted,

                                         MELINDA HAAG
                                         United States Attorney

                                              /S/
                                         _____
                                         BRIAN J. STRETCH
                                         Assistant United States Attorney

1

## CERTIFICATE OF SERVICE

2

3        The undersigned hereby certifies that a copy of the UNITED STATES'

4 OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO 18  U.S.C. §

5 3582(C)(2) in the case of United States v. Jose Ismael Serrano, CR07-0212 WHA, was on

6 this day served on the following party in this action:

7                              **VIA U.S. MAIL to**:
                               Jose Ismael Serrano
8                              90287-111
                               Lewisburg US Penitentiary
9                              PO Box 1000
                               Lewisburg, PA 17837
10

11       I certify under penalty of perjury that the foregoing is true and correct.

12
         Executed on April 15, 2013 at San Francisco, California.
13

14

15

16                           BRIAN J. STRETCH
                             Assistant United States Attorney
17                           United States Attorney's Office
                             San Francisco, California
18

19

20

21

22

23

24

25

26