STEVEN G. KALAR
Federal Public Defender
GRACE DiLAURA
Assistant Federal Public Defender
450 Golden Gate Ave. Room 19-6884
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile:  (415) 436-7706
Grace_DiLaura@fd.org

Counsel for Defendant SERRANO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-00212 WHA |
| Plaintiff, | MOTION FOR BRIEFING SCHEDULE ON MOTION TO VACATE UNDER 28 U.S.C. § 2255 |
| v. | |
| JOSE ISMAEL SERRANO, | **Court:** Hon. William H. Alsup |
| Defendant. | Hearing date: March 21, 2017 at 2:00 P.M. |

**MOTION FOR BRIEFING SCHEDULE ON MOTION TO VACATE**

Jose Ismael Serrano, through undersigned counsel, respectfully requests that the Court set a briefing schedule for Mr. Serrano's Motion to Vacate his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).

**I.     Procedural Background**

Mr. Serrano was sentenced to 204 months' imprisonment for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Judgment, Dkt. 124. The government also filed a 21 U.S.C. § 851 information, alleging that Serrano had a prior felony drug conviction, increasing the statutory maximum sentence on Count 3 from 20 to 30 years under 21 U.S.C.

§ 841(b)(1)(C). *See* Dkt. 11. Mr. Serrano was sentenced within the Career Offender Guidelines range of 262-237 months. *See* PSR ¶ 54.

On January 25, 2017, the Ninth Circuit granted Mr. Serrano's request for leave to file a second or successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in order to raise a claim under *Johnson v. United States*. (Dkt. 173.) The Circuit stated that "the district court is authorized to proceed with the identical section 2255 motion, protectively filed in case number 3:07-cr-00212-WHA-1 on June 21, 2016. The motion shall be deemed filed in the district court on May 25, 2016, the date the application was filed in this court." (*Id*.).

**II.    Argument**

Under 28 U.S.C. § 2255(b), "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." In the Rules Governing Section 2255 Proceedings in the District Court, this statutory process is described as follows:

> (b) Initial Consideration by the Judge. The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Fed. R. Gov. 2255 Proc. 4(b).

Mr. Serrano argues in his Motion to Vacate that the residual clause in the Career Offender Guideline is void for vagueness under *Johnson*, and that his prior California assault conviction does not otherwise satisfy the definition of a "crime of violence." (*See* Dkt. 171 (Motion to Vacate).) This argument raises legitimate questions regarding the ongoing viability of U.S.S.G. § 4B1.2(a)(2), and a response is therefore warranted. Other Courts in the district have recently ordered responses in cases remanded from the Ninth Circuit. *See, e.g., United States v. Sandoval*, CR 01-40162 SBA, Dkt. 168 (Jan. 18, 2017) (setting briefing schedule for *Johnson* § 2255 authorized by Ninth Circuit);

*United States v. Collins*, CR 99-00073 SI, Dkt. 537 (Feb. 27, 2017) (same); *United States v. Toussaint*, CR 12-00407 CW, Dkt. 213 (Feb. 6, 2017) (same).

Mr. Serrano has been in federal custody since April 30, 2007. *See* PSR at 1. He has therefore already served at least 118 months' imprisonment. Without the career-offender enhancement, Mr. Serrano's Guidelines range would have been 84-105 months, based on a total offense level of 22 and a criminal history category of VI. *See* PSR ¶¶ 22, 33. Under the current Guidelines Manual, without the career-offender enhancement, Serrano's Guidelines range would be 37-46 months, based on a total offense level of 14 and a criminal history category of VI. *See* PSR ¶¶ 15, 33; U.S.S.G. § 2D1.1(c)(13) (2015) (mandating base offense level of 14 for at least 2.8 but less than 5.6 grams of cocaine base). Therefore, even though Mr. Serrano's release date is not until April 2022 (*See* bop.gov/inmateloc, Register No. 90287-111), if he is entitled to relief he has a meaningful risk of overserving.

Mr. Serrano therefore respectfully requests that the Court issue a scheduling order for a government opposition to his Motion to Vacate and a reply. This Court has previously set the standard 75-day schedule for opposition, with 45 days for reply. Mr. Serrano respectfully requests that this Court issue a similar briefing schedule.

Undersigned counsel has contacted counsel from the United States Attorney's Office regarding this motion. Counsel understands the government's position to be that a schedule should not be set until the Supreme Court issues its opinion in *Beckles v. United States*.

Respectfully submitted,

DATED: March 2, 2017

STEVEN G. KALAR
Federal Public Defender

/s
Grace R. DiLaura
Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | No. CR 07-00212 WHA |
|---|---|
| Plaintiff, | |
| v. | **[PROPOSED] ORDER SETTING BRIEFING SCHEDULE** |
| JOSE ISMAEL SERRANO, | |
| Defendant. | |

Having concluded that the filed Motion to Vacate under 28 U.S.C. § 2255 (Dkt. 171) merits a response from the government, the Court hereby sets the following briefing schedule:

Respondent shall file any opposition to the Motion to Vacate within seventy-five days of the date of this Order.

Mr. Serrano shall file any reply within forty-five days of the date the opposition is filed.

IT IS SO ORDERED.

_____     _____
DATED                                          William H. Alsup
                                                       United States District Judge