BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

BRIGID S. MARTIN (CABN 231705)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone: (510) 637-3697
   FAX: (510) 637-3724
   Brigid.Martin@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 07-00212 WHA |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MOTION TO DISMISS MOTION UNDER 28 U.S.C. § 2255 |
| JOSE ISMAEL SERRANO, | ) | |
| Defendant. | ) | |

The United States, through its undersigned counsel, moves to dismiss the motion under 28 U.S.C. § 2255 filed by the defendant. The motion should be dismissed because it argues that a provision of the Sentencing Guidelines is void for vagueness, and on March 6, 2017, the Supreme Court held that the advisory Sentencing Guidelines are not subject to vagueness challenges. Because the advisory Guidelines are not subject to vagueness challenges, the Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that a portion of the Armed Career Criminal Act was void for vagueness, does not apply to the defendant's conviction and cannot be retroactive to the Guidelines.

## BACKGROUND

On July 9, 2007, the defendant was convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Defendant had prior convictions including a

MOTION TO DISMISS
CR 07-0212 WHA

1  controlled substance offense and assault with a deadly weapon, in violation of California Penal Code,

2  Section 245(a)(1).  At sentencing, this Court found that under the career offender Guideline, U.S.S.G.

3  § 4B1.1, the defendant's prior controlled substance offense constituted a drug trafficking offense and the

4  defendant's assault conviction constituted a crime of violence.  For that reason, the Court applied the

5  Career Offender guidelines and set defendant's offense level at 34.  The Court sentenced the defendant

6  to 204 months, a variance below the defendant's resulting Guidelines range of 262-327 months.  The

7  defendant appealed, and the Ninth Circuit affirmed.

8       On June 26, 2015, the Supreme Court held in *Johnson* that the residual clause of the Armed

9  Career Criminal Act's "violent felony" definition, 18 U.S.C. § 924(e)(2)(B)(ii), is void for vagueness.

10  On June 17, 2016, the defendant filed a petition under 28 U.S.C. § 2255 alleging that his prior

11  conviction for assault had been found to be a "crime of violence" under the residual clause of Section

12  4B1.2, and the Supreme Court's decision in *Johnson* rendered that clause void for vagueness.  Because

13  this was not the defendant's first § 2255 petition, however, the defendant had to seek permission from

14  the Ninth Circuit to file the petition.  On January 25, 2017, the Ninth Circuit granted the defendant's

15  request and authorized the District court to proceed with its consideration of the petition.  The

16  government has not yet filed a response.

17  **ARGUMENT**

18       On March 6, 2017, the Supreme Court held in *Beckles v. United States*, 2017 WL 855781 (Mar.

19  6, 2017), that the advisory Sentencing Guidelines are not subject to vagueness challenges.  Because the

20  premise of defendant's motion is that the residual clause of Section 4B1.2 is void for vagueness, *Beckles*

21  forecloses the Court from granting the defendant relief on his Section 2255 motion.  Accordingly, the

22  defendant's Section 2255 motion should be dismissed.

23       Defendant may argue that the United States waived the argument that the Court accepted in

24  *Beckles* by conceding that the residual clause of Section 4B1.2 was void for vagueness and arguing only

25  that *Johnson* should not apply retroactively to the Guidelines on final convictions.  But by holding that

26  the Guidelines are not subject to vagueness challenges, the Court necessarily concluded that *Johnson* is

27  not retroactive to the Guidelines.  In other words, *Johnson* cannot be retroactive because its holding does

28  not apply to the Guidelines.

MOTION TO DISMISS
CR 07-0212 WHA

1    Moreover, the government should not be held to a concession when intervening Supreme Court
2  authority makes clear that the concession was in error.  For example, in *United States v. Miller*, 822 F.2d
3  828 (9th Cir. 1987), the court of appeals held that the government was entitled to withdraw, in light of
4  intervening Supreme Court authority, a concession that it had made about the legality of a search under
5  the Fourth Amendment.  *See id*. at 831-32.  As the court explained, prior decisions addressing waiver
6  "do not speak to a situation where this court finds that a party in making a concession has erroneously
7  construed the law" even when the government's concession formed the basis for a prior appellate ruling
8  in the defendant's favor.  *Id*. at 832-33.  An intervening Supreme Court precedent suffices to overcome
9  the government's prior litigation decision.  *See Morris v. American National Can Corp.*, 988 F.2d 50,
10 51-53 (9th Cir. 1993) (intervening Supreme Court decision overcomes law-of-the-case doctrine); *see
11 also Biomedical Patent Mgmt. Corp. v. Cal. Dep't of Health Servs.*, 505  F.3d 1328, 1342 (Fed. Cir.
12 2007) (for purposes of judicial estoppel, even if party's "positions are inconsistent, the inconsistency is
13 excused by an intervening change in the law").  In fact, the Ninth Circuit has considered arguments
14 raised after a Supreme Court decision establishing new law.  *See United States v. Cabrera-Gutierrez*,
15 756 F.3d 1125, 1127 (9th Cir. 2013); *see also United States v. Aguilera-Rios*, 769 F.3d 626, 631 (9th
16 Cir. 2014) (choosing to reach issue not raised earlier "because of a change in the intervening law that the
17 brought the issue into focus"); *Joseph v. United States*, 135 S. Ct. 705, 706 (2014) (statement of Kagan,
18 J., joined by Ginsburg & Breyer, JJ., respecting the denial of certiorari) ("When a new claim is based on
19 an intervening Supreme Court decision[,] … the failure to raise the claim in an opening brief reflects not
20 a lack of diligence, but merely a want of clairvoyance.").  In short, the government's earlier litigating
21 position provides no reason to deviate from the general "rule that 'a court is to apply the law in effect at
22 the time it renders a decision.'"  *Landgra v. USI Film Products*, 511 U.S. 244, 264 (1994) (quoting
23 *Bradley v. School Board of Richmond*, 416 U.S. 696, 711 (1974)).
24 //
25 //
26 //
27 //
28 //

MOTION TO DISMISS
CR 07-0212 WHA

**CONCLUSION**

The defendant's motion under 28 U.S.C. § 2255 should be dismissed.

DATED: March 13, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

/s/
BRIGID S. MARTIN
Assistant United States Attorney

MOTION TO DISMISS
CR 07-0212 WHA